Reese, J.
delivered the opinion of the court.
Whitesides obtained a judgment in a proceeding for unlawful detainer, before a Justice, against Norton. Norton took the case to the Circuit Court by writ of certiorari: he did not give thebond, with surety, for the purpose of securing to the plaintiff one year’s rent of the premises, in the case, as required by *382 the act of 1842, ch. 186: but as a substitute for the bond, he took what is familiarly called the pauper’s oath, under the act of 1821.
A rule was entered in the Circuit Court by the plaintiff, to dismiss the writs of certiorari and supersedeas.
This rule, on argument, was discharged. In this, we think the Circuit Court erred. A main object, it seems to us, of the act of 1842, was to provide a remedy for cases such as this. The fact was that the tenant pertinaciously held on to the possession through a long course of litigation, and in the end, whatever the result of the suit, he was a clear gainer of the rents and profits of the possession pendente lite and the landlord frequently got no indemnity.
And this would certainly be the case where the defendant was a pauper.
To hold, then, since the act of 1842, that the tenant can take up his case in forma pauperis, would contravene its main object, defeat the remedy intended to be furnishéd, and almost operate the repeal of the statute.
For this reason, we reverse the judgment of the Circuit Court, set aside the verdict, and' dismiss the writs of certiorari and supersedeas, and award a procedendo to the Justice, commanding him to issue a writ of possession.